# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | |
|---|---|
| ZAKARIA TAOUFIK, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : CASE NO. 4:10-CV-87-CDL-MSH |
| | : 28 U.S.C. § 2241 |
| ERIC HOLDER, *et al.,* | : Habeas Corpus Petition |
| | : |
| Respondents. | : |

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court are Respondents' motions to dismiss, filed on October 7 and October 8, 2010. (Docs. 8, 10.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Doc. 1.) The pleadings reveal that on November 23, 2010, following the filing of his application for federal habeas relief, Petitioner was released under an Order of Supervision. (Doc. 14-1.) Because of Petitioner's release, Respondents Holder, Napolitano, and Skinner now contend that Petitioners' pending § 2241 petition is moot and should be dismissed as such. (*See* Doc. 14 at 2.) The Court agrees and recommends dismissal of this case as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the

plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336. Where a habeas petitioner who was protesting his detention is no longer in custody, the dispute with regard to his detention is mooted. *See Spencer v. Kemna,* 523 U.S. 1, 7-8 (1998) (discussing "in custody" requirement of habeas statute 28 U.S.C. § 2254). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be **DISMISSED** without prejudicing his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Because Respondents moved for dismissal on grounds other than mootness, the Court recommends that the District Judge **DENY** Respondents' motions to dismiss as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 2nd day of December, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE